Attorneys for M.E.-R.E. Holding, LLC, Party-in-Interest
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 367-0081
Brian T. Belowich, Esq.
bbelowich@belowichwalsh.com
Daniel G. Walsh, Esq.
dwalsh@belowichwalsh.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

                                                        Chapter 7

MICHAEL D. BARNETT,
DENISE A. BARNETT,                                      Case No.: 12-37991(CGM)


                          Debtors.
-------------------------------------------------------------------X

### DECLARATION OF MARK FONTE IN SUPPORT OF M.E.-R.E. HOLDING, LLC's OBJECTIONS TO NOTICE OF PRESENTMENT, DATED JUNE 11, 2013, FOR AN ORDER APPROVING AN AGREEMENT BETWEEN WALLKILL VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION AND MARK S. TULIS, CONCERNING TWO (5) PROMISSORY NOTES (the "GELLATLY NOTES")

MARK FONTE, hereby declares under penalties of perjury as follows:

1.      I am managing member of M.E.-R.E. Holding, LLC ("Holding"), a limited liability company with a direct, pecuniary interest in the relief requested by the Chapter 7 Trustee (the "Trustee") in his June 11, 2013 Notice of Presentment (the "Notice of Presentment").

2.      I respectfully submit this Declaration in support of Holding's objections to the Trustee's application for an Order approving an agreement between Wallkill Valley Federal Savings and Loan Association ("Wallkill") and the Trustee concerning the "Gellatly Notes."

3.      I am fully familiar with the facts and circumstances set forth herein based upon my own personal knowledge.

1

## PRELIMINARY STATEMENT

4.      The Notice of Presentment seeks an Order approving an agreement between the Trustee and Wallkill (hereinafter, the "Agreement"), wherein and whereby the Trustee purports to have entered into a "business arrangement" with Wallkill, a creditor, pursuant to which:

a.  Wallkill would assign to the Trustee without recourse five (5) promissory notes made by Alexander Gellatly ("Gellatly") to Debtor Denise A. Barnett in the principal amounts of $712,500.00, $475,000.00, $450,000.00, $450,000.00 and $712,500.00 (the "Gellatly Notes"), each conditionally, collaterally assigned to Wallkill as security for a $500,000.00 commercial note given to Wallkill;[1] and

b.  The Trustee would enforce the aforesaid notes against non-debtor Gellatly, at the expense of the Bankruptcy Estate; and

c.  Upon recovery by the Trustee against the non-debtor Gellatly, Wallkill would be paid all sums allegedly due and owing to it, together with interest and reasonable attorneys' fees.

*See* Application of David L. Tillem, Esq. dated June 11, 2013 ("Tillem App."), Ex. A at pp. 4-7.

5.      It does not appear under the Agreement that the Trustee proposes to enforce the rights or interests of either of the Debtors thereunder, but rather the claims of a creditor, Wallkill, against non-debtor Gellatly, giving Wallkill preferential payment to boot.

6.      Simply put, the Trustee seeks approval of an Agreement by which the Trustee would enforce Wallkill's rights against a non-debtor, purportedly for the benefit of the

---

[1] The Trustee and Wallkill contend that there is a balance of $463,913.10 due on the $500,000 commercial note (*see* Tillem App., Ex. A at ¶ 4), but seek approval of an Agreement by which the Trustee would enforce the "Gellatly Notes," having an approximate value of $2.8 million (*see id.* at ¶ 6) against a non-debtor and at the expense of the Bankruptcy Estate.

2

Bankruptcy Estate or certain creditors. This is a threshold objection requiring denial of the relief the Trustee seeks as a matter of law. The Trustee is not permitted to engage in such a collection effort; although the Trustee may assert the rights and interests of the Debtors or avoid certain transfers on behalf of creditors, the Trustee may not assert Wallkill's claims against a non-debtor for the supposed benefit of the Bankruptcy Estate or Wallkill. The "business arrangement" proposed by the Trustee is not permissible under the Bankruptcy Code. The Trustee's application must therefore be denied.

7.      Moreover, even if the foregoing threshold basis for denial is somehow ignored, the Trustee's application is at best premature and inappropriate at this juncture. The Trustee presumes without establishing that Wallkill has a right to enforce on the notes given as collateral security. Because the applicable security agreements were expressly *conditional* and did not take effect until such time as a default occurred on Wallkill's underlying loan (which the Trustee has not established), the Trustee has not demonstrated that any right to enforcement on the notes given as collateral security has accrued.

8.      Accordingly, and for the reasons set forth herein and in the accompanying objections, the Trustee's application should be denied in its entirety.

## BACKGROUND FACTS

### The Gellatly Notes

9.      The Trustee asserts that, on or about September 17, 2010, Alexander Gellatly executed the Gellatly Notes in favor of Debtor Denise A. Barnett, in the principal amounts of $712,500.00, $475,000.00, $450,000.00, $450,000.00 and $712,500.00 respectively. True and correct copies of the Gellatly Notes annexed to the Trustee's application are collectively annexed hereto as Exhibit A.

**The Security Agreements and Wallkill Note**

10.    The Trustee asserts that, on or about May 18, 2011, M.E.-R.E Management Group, LLC ("Management"), in which debtor Denise Barnett had a membership interest, and the Debtors executed a $500,000.00 commercial note in favor of Wallkill (the "Wallkill Note"). A true and correct copy of the Wallkill Note is annexed as Exhibit B.

11.    The Wallkill Note provides in pertinent part that the underlying $500,000.00 loan was secured by certain "security agreements and assignments of Promissory Notes and a security agreement and pledge of 100% membership interests in [Management]."[2]  Exhibit B, p. 1.  The Trustee submits copies of certain security agreements in support of his application, pertaining to the collateral assignment of the Gellatly Notes to Wallkill (the "Security Agreements").  True and correct copies of the Security Agreements annexed to the Trustee's application are collectively annexed hereto as Exhibit C.

12.    Importantly, the Security Agreements state on their faces that they are conditional.  Indeed, the Security Agreements expressly and unambiguously provide, in pertinent part, as follows:

*Condition Precedent*

This Assignment shall only become effective if there is a default by the Assignor [Debtor Denise A. Barnett] in the terms of the Wallkill Note dated May 18, 2011, or extensions and renewals thereof, held by the Bank [Wallkill].

Ex. C, ¶ 1 (emphasis in original).

---

[2]  In addition to the foregoing, in connection with the Wallkill Note, the Trustee asserts that Debtor Denise A. Barnett entered into a series of Security Agreements with Wallkill, dated May 18, 2011, pursuant to which, *inter alia*: (1) Management collaterally assigned to Wallkill a $3,441,667.00 note made by JKS Newburgh, LLC to Management; and (2) Management collaterally assigned to Wallkill a $1,358,962.00 note made by JKS Highland, LLC to Management.  The aforedescribed notes are the subject of another application filed by the Trustee seeking similar relief. Holding is serving and filing separate objections to the Notice of Presentment pertaining to the aforedescribed notes contemporaneously herewith.

4

13.    By reason of the foregoing, the Security Agreements did not become effective unless or until Debtor Denise A. Barnett defaulted under the terms of the Wallkill Note.

14.    The Trustee has not submitted admissible evidence of a default by Debtor Denise A. Barnett under the Wallkill Note.

**The Assignment**

15.    On or about June 8, 2011, Debtor Denise A. Barnett and Holding entered into an Agreement to Assign Promissory Note (the "Assignment Agreement"), pursuant to which said Debtor agreed to assign to Holding the Gellatly Notes in consideration of management services provided by Holding, *subject to the collateral security interest of Wallkill in the Gellatly Notes.* I signed the Assignment Agreement as managing member of Holding. A true and correct copy of the Assignment Agreement is annexed as Exhibit D. A copy of the corresponding Assignment of Promissory Note, dated June 8, 2011, is annexed hereto as Exhibit E.

16.    The Trustee alleges in conclusory fashion, and without any supporting evidence whatsoever, that the assignment made under the Assignment Agreement is "a likely fraudulent conveyance." *See* Tillem App., p. 5 at ¶ 13. I affirmatively state under penalty of perjury that the assignment made under the Assignment Agreement was *not* in any way fraudulent. Indeed, the Assignment Agreement expressly provides that the assignment was given in consideration for the value of certain management services provided and membership shares assigned. *See* Ex. D.

17.    Based upon the foregoing, and for the additional reasons set forth herein, it is respectfully submitted that the Trustee's application should be denied in its entirety, and a minimum, a hearing must be had so as to determine the propriety of the relief sought by the Trustee and to ensure Holdings' interests are protected.

WHEREFORE, Party-in-Interest M.E.-R.E. Holding, LLC respectfully requests that the relief sought by the Chapter 7 Trustee in his June 11, 2013 Notice of Presentment pertaining to the "Gellatly Notes" be denied in its entirety.

I HEREBY DECLARE PURSUANT TO 28 U.S.C. § 1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF NEW YORK, AND UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: July 11 , 2013
       White Plains, New York

MARK FONTE, Managing Member of
Party-in-Interest M.E.-R.E. Holding, LLC